**SO ORDERED.**

**SIGNED this 8 day of October,2015.**



**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# FAYETTEVILLE DIVISION

IN RE:                                                         CASE NO.

W. EVANS BYRD, SR.                                    13-03674-8-SWH

      DEBTOR

## ORDER REGARDING CUMBERLAND COUNTY'S MOTION FOR ORDER APPROVING SALE

The matter before the court is the Motion for Order Approving Sale of Real Property Pursuant to Cumberland County's Election to Enforce the Declaration of Restrictions by Exercising its Option to Purchase (the "Motion"), filed by Cumberland County (the "County"). The Motion was allowed by Order dated May 8, 2015, after which Happy Endings, LLC ("HE") filed a motion to reconsider. HE's motion to reconsider was granted by consent order dated June 11, 2015, which rescinded the May 8, 2015 Order and allowed the parties to file supplemental memoranda regarding the County's Motion. A hearing was held on September 24, 2015, in Raleigh, North Carolina.[1]

---

[1] Due to calendar confusion and through no fault of his own, counsel for Lakeland West Capital XVII, LLC ("Lakeland"), the secured creditor in this matter, did not appear at the hearing. Subsequent to the hearing, counsel for Lakeland e-mailed the parties and chambers stating that it took no position as to the substantive dispute at hand, but nevertheless requesting

## BACKGROUND

The matter at hand revolves around the disposition of the debtor's real property located at 232 Person Street, Fayetteville, North Carolina (the "Property"). The Property is subject to certain restrictions running with the land that are recorded in the Cumberland County Register of Deeds. One such restriction grants the County a right of first refusal in the Property.[2] An auction was held on February 26, 2015 in an effort to sell the Property, but it failed to yield a bid meeting the requisite auction minimum.[3] Subsequently, the debtor received an offer from HE to purchase the Property for $450,000.00, which the debtor accepted, subject to an upset bid procedure and the County's right of first refusal. On March 12, 2015, the debtor filed a Motion to Sell Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363 with Provision for Competitive Upset Bids, which proposed to sell the Property to HE, subject to the County electing to exercise its right of first refusal.[4] The

_____

certain provisions be included in the court's Order. Specifically, Lakeland requests that: (1) the winning party be directed to close on the Property (as defined below) within five business days of the court's Order, and (2) that the Order confirm that Lakeland has already obtained relief from the automatic stay such that if the winning party fails to close, Lakeland is entitled to pursue its state court remedies, including foreclosure. The court finds no reason to include such provisions in this Order, as HE has evinced every intention to close within the time period Lakeland requests. Furthermore, nothing in this Order prevents Lakeland from seeking the appropriate relief if HE fails to close.

[2]Additionally, Lakeland, successor-in-interest to Bank of America, N.A. ("BOA"), holds a deed of trust encumbering the Property. BOA filed a motion for relief from stay on July 18, 2014. By way of consent order dated December 11, 2014, BOA's motion was allowed on the condition that the Property was not sold at public auction or private sale by February 27, 2015 (the "Consent Order").

[3]Instead of immediately opting to exercise its remedies under the Consent Order, the Secured Creditor thereafter agreed to a "stalking horse" procedure for sale.

[4]The debtor's motion to sell to HE provided for an upset bid procedure and a thirty-day notice period wherein the County could exercise its right of first refusal. Upon expiration of the thirty-day period, "the high bidder or the County, as the case may be, shall have five (5) business

court allowed the debtor's motion to sell to HE by Order dated April 14, 2015.[5]   However, at a meeting of the Cumberland County Board of Commissioners on May 4, 2015, the Commissioners voted to exercise the County's right of first refusal and purchase the Property.  On May 6, 2015, the County filed the instant Motion seeking to approve the sale of the Property to the County.

Supplemental memoranda have been filed by the County and HE.  HE posits that the right of first refusal relied on by the County is void because it violates the rule against perpetuities and the rule against restraints on alienation, and because the debtor's predecessor in interest did not sign the option agreement.  However, the County maintains that HE lacks standing to challenge the validity of its right of first refusal, and additionally, that the rule against perpetuities is inapplicable.  For the reasons that follow, the court finds that the right of first refusal relied on by the County is void *ab initio* for violating the rule against perpetuities, and that HE is entitled to an order denying the County's Motion and allowing the sale to HE to go forward.

## DISCUSSION

A right of first refusal "requires that, before the property conveyed may be sold to another party, it must first be offered to the conveyor."  Mizell v. Greensboro Jaycees–Greensboro Junior Chamber of Commerce, 105 N.C. App. 284, 287, 412 S.E.2d 904, 906 (1992).  The validity of such a right is dependent on two reasonableness standards: duration and price.  Id.  The durational limit of the right is determined by the rule against perpetuities, id., which, at common law, provided that:

days to close on the purchase transaction (the 'Closing Date').  If the high bidder fails to close within two (2) business days of the Closing Date . . . the party with the second highest bid shall have the opportunity to close at its last highest bid price (subject to the right of first refusal of Cumberland County . . . ), and so forth until a party closes."  Doc. No. 240 at 3.

[5]The Order omitted the language quoted in footnote 2.

> No devise or grant of a future interest in property is valid unless the title thereto must vest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void.

Rich, Rich & Nance v. Carolina Constr. Corp., 355 N.C. 190, 193, 558 S.E.2d 77, 79 (2002) (quoting Parker v. Parker, 252 N.C. 399, 402-03, 113 S.E.2d 899, 902 (1960)) (internal quotations omitted). The rule has been statutorily adopted and modified, and stands as follows:

> [A] nonvested property interest is invalid unless:
> (1) When the interest is created, it is certain to vest or terminate no later than 21 years after the death of an individual then alive; or
> (2) The interest either vests or terminates within 90 years after its creation.

N.C. Gen. Stat. § 41-15(a).[6] It necessarily follows that a "right of first refusal is void as a matter of law" if the language creating such a right fails to "mention[] how long it [is] to last," and "appear[s] perpetual in nature." Coxe v. Wyatt, 83 N.C. App. 131, 134, 349 S.E.2d 75, 77 (1986). Accordingly, the Court of Appeals of North Carolina has held that where the right of first refusal is "void as a matter of law," the seller's acceptance of a third party's written offer "create[s] a valid and enforceable contract." Mizell at 288, 412 S.E.2d at 907 (quoting Coxe at 134, 349 S.E.2d at 78) (internal quotations omitted). The "offer's reference to the right of first refusal is insignificant, as the right was void as a matter of law." Mizell at 288, 412 S.E.2d at 907. In such a case, the third party "has the superior claim to purchase" the property. Id.

The court notes in the first instance that the above-cited cases dispense with the County's argument that HE lacks standing. Whether the right of first refusal violates the rule against

---

[6]The common law rule applies to the facts of this case because the document creating the County's right of first refusal predates the statutory rule. Rich at 194, 558 S.E.2d at 79.

perpetuities requires the court to examine the language used in the particular grant.  The County's right of first refusal provides as follows:

> If any owner of [the Property], subsequent to the Declarants herein, shall receive a bonafide offer to purchase or an affirmative response to an offer of such owner to sell said [Property], such owner shall require the offer or affirmative response to be put in writing by the offeror or respondent and thereafter offer the County of Cumberland the option to purchase said [Property] at a price no higher than the lowest price the owner is willing to accept from such offeror or respondent.

Ex. B to HE's Memorandum of Law, Doc. No. 299-1 at 11.  The above language contains no mention of duration and appears perpetual in nature.  Therefore, the court concludes that the right of first refusal violates the rule against perpetuities and is void.  See Coxe at 134, 349 S.E.2d at 77.  However, the County urges the court to adopt a "commercial transaction" exception to the rule against perpetuities, which the County alleges was recognized in Rich, Rich & Nance v. Carolina Construction Corp., 355 N.C. 190, 558 S.E.2d 77 (2002).

In Rich, 355 N.C. at 193, 558 S.E.2d at 79, the Supreme Court of North Carolina held that the rule against perpetuities did not prevent enforcement of contractual rights found in an addendum to a purchase agreement.  In doing so, the court acknowledged that the rule "does not apply in all cases involving commercial transactions," especially those "that do not violate the underlying policies behind the rule against perpetuities, as well as those involving mere contract provisions." Id. at 194, 558 S.E.2d at 80.  However, the court explicitly distinguished preemptive rights, stating that if such rights were involved, it would give the court "greater pause." Id. at 197, 558 S.E.2d at 81.

The court of appeals considered Rich's impact on rights of first refusal in New Bar Partnership v. Martin, 221 N.C. App. 302, 313, 729 S.E.2d 675, 684 (2012).  In Martin, the court declined to evaluate the policy behind the rule against perpetuities in determining whether the right

5

at issue was void "in light of the Supreme Court's clear guidance in *Smith* (which, unlike *Rich*, specifically addressed a right of first refusal) that 'the better rule is to limit the duration of the right to a period within the rule against perpetuities.'" Id. (quoting Smith v. Mitchell, 301 N.C. 58, 66, 269 S.E.2d 608, 613 (1980)).   The court also quoted extensively from a post-Smith case that specifically declined to recognize an exception to the rule against perpetuities, stating in part that "[i]f a restraint on alienation is bad, we see no reason why it is made good because it is part of a commercial transaction or the property is used for business purposes." Martin at 314, 729 S.E.2d at 684 (quoting Pinehurst v. Reg'l Invs. of Moore, Inc., 330 N.C. 725, 728-29, 412 S.E.2d 645, 646-47 (1992)) (internal quotations omitted).   Accordingly, the court held that "a preemptive right or a right of first refusal to be valid must not extend beyond the period of the [common law RAP]." Id. (quoting Pinehurst at 728, 412 S.E.2d at 646) (internal quotations omitted).   Therefore, Rich is clearly inapplicable, and no grounds exist for this court to find an exception to the rule against perpetuities with respect to the County's right of first refusal.

   In anticipation of such a conclusion by the court, the County requested that the court order the auction sale to be re-conducted if its right was found to be void.   The court finds no reason to do so.   The debtor's acceptance of HE's offer created a "valid and enforceable contract" notwithstanding the fact that the acceptance referenced the County's right of first refusal.  Coxe at 134, 349 S.E.2d at 78.   At the time of the debtor's acceptance, the right of first refusal was void as a matter of law, making the reference to said right "insignificant." Id.   Accordingly, the contract between HE and the debtor stands in effect.

Because the court finds the County's right of first refusal to be void under the rule against perpetuities, it need not address HE's argument that the debtor's predecessor in interest did not sign the right of first refusal.

### CONCLUSION

For the reasons detailed above, the court finds that the County's right of first refusal is void, and its attempt to exercise the same had no effect on the contract existing between HE and the debtor. The debtor is directed to proceed with the sale to HE in accordance with the terms of the court's April 14, 2015 Order[7] approving such sale. The County's Motion is **DENIED**.

**SO ORDERED**.

### END OF DOCUMENT

---

[7]The language of the April 14, 2015 Order is hereby amended to remove the reference to the County's right of first refusal.